UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

STONEBRIDGE LIFE INSURANCE
COMPANY,                                    Civil No. 14-2489 (NLH/KMW)

                    Plaintiff,

v.                                          **OPINION**

SHERRY M. KISSINGER, et al.,

                    Defendants.
_____

**APPEARANCES**:

Kevin J. Thornton, Esq.
Cooper Levenson, P.A.
1125 Atlantic Avenue
Atlantic City, New Jersey 08401

      *Counsel for Plaintiff*

Timothy J. Buckley, Esq.
P.O. Box 71
256 S. White Horse Pike
Hammonton, New Jersey 08037

      *Counsel for Defendant Diane M. Latko*

**HILLMAN, District Judge**:

      In this interpleader action, Plaintiff, Stonebridge Life

Insurance Company, contends that it has been presented with

multiple claims for the proceeds of a life insurance policy of

its insured, Randall M. Latko, Sr. (hereafter, the "insured"),

who passed away on November 24, 2013.  Presently before the

Court is Plaintiff's motion [Doc. No. 20] for entry of an Order

1

(1) requiring Defendants to interplead their rights to the funds Plaintiff deposited with the Registry of the Court,[1] (2) restraining Defendants from instituting any action against Plaintiff to recover the sum, (3) discharging Plaintiff from liability, and (4) granting an award of attorney's fees and costs.  The only defendant who has appeared in this matter is Diane M. Latko, the ex-wife of the insured.[2]  Ms. Latko opposes the present motion to the extent Plaintiff seeks an award of attorney's fees and costs, but does not otherwise object to the relief sought by Plaintiff.

The Court has considered the submissions of the parties and decides this matter pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Defendant's motion is granted in its entirety.

---

[1] Plaintiff's motion also sought to deposit the life insurance proceeds into the Court's Registry.  By Order dated January 28, 2015 [Doc. No. 25], the Court granted Plaintiff's motion with respect to this request, and reserved decision on the remaining aspects of Plaintiff's application until Plaintiff deposited such funds with the Court.  Plaintiff deposited the funds in the Court's Registry on February 9, 2015.  This Opinion addresses the remaining requests contained in Plaintiff's motion.

[2] The other defendants in this matter -- Sherry M. Kissinger, Janet Latko, Randall M. Latko, Jr., Lynn Uddin, and Lindsay J. Latko -- are the children of the insured.  At Plaintiff's request [Doc. Nos. 14, 15, 16, 17, 18], the Clerk entered default against these defendants on July 14, 2014.  None of these defendants has since entered an appearance, sought to vacate the default, or filed opposition to the present motion. Plaintiff moved for default judgment on February 18, 2015.

I.   **JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335(a), because two of the adverse claimants are of diverse citizenship as defined in 28 U.S.C. § 1332, and Plaintiff has deposited the life insurance proceeds, which are greater than $500, into the Registry of the Court.

II.  **BACKGROUND**

According to the allegations in the complaint, the insured purchased a life insurance policy in the sum of $50,000 from JCPenney Life Insurance Company on or about November 15, 1991. (Compl. ¶ 17.)  The sole beneficiary under the JCPenney Policy was the insured's daughter, Sherry Kissinger.[3]  (Id.)  On January 2, 1993, the insured executed a "Change of Beneficiary Form" and named his then-wife, Defendant Diane Latko, as the beneficiary under the JCPenney Policy.  (Id. ¶ 21.)  Subsequently, Plaintiff, a life insurance company, succeeded to the rights and duties of JCPenney Life Insurance Company and issued to the insured a Stonebridge Life Insurance Policy in the sum of $50,000.  (Id. ¶ 18.)  The insured and Diane Latko divorced on or about June 9, 2006.  (Id. ¶ 22.)

---

[3] Although "Sherry Latko" was named as the beneficiary, Ms. Latko is now known as "Sherry Kissinger."  (See, e.g., Compl., Exs. C, H.)

3

The insured passed away on November 24, 2013.  (Id. ¶ 19.)
On November 30, 2013, the insured's daughter, Ms. Kissinger,
submitted a Life Claim Statement and an Affidavit of Heirship to
Plaintiff requesting to be paid the Death Benefit under the
insurance policy.  (Id. ¶ 23.)  Shortly thereafter, on January
10, 2014, the insured's ex-wife, Diane Latko, submitted a Life
Claim Statement and an Affidavit of Heirship requesting to be
paid the Death Benefit.  (Id. ¶ 24.)  Additionally, Diane Latko
is the executrix of the insured's estate and claims to be a
creditor of the estate.  (Id. ¶ 27.)  Plaintiff contends that it
is a mere stakeholder, and thus filed this action seeking to
deposit the Death Benefit with the Court so that the Court may
resolve the competing claims.

Plaintiff filed the present motion seeking, inter alia, an
order permitting Plaintiff to pay the Death Benefit into the
Court's Registry and an award of attorney's fees and costs.  As
noted above, the Court entered an Order on January 28, 2015
directing Plaintiff to submit the insurance proceeds to the
Court's Registry.  Plaintiff complied with the Court Order, and
$50,304.00 was deposited into the Registry of the Court on
February 9, 2015.  (Clerk's Certificate of Cash Deposit [Doc.
No. 26].)  The only aspect of Plaintiff's motion that is in
dispute is whether Plaintiff is entitled to an award of

attorney's fees and costs in connection with this interpleader action.

In opposition to the request for attorney's fees and costs, Diane Latko argues that Plaintiff is not entitled to any such award because Plaintiff's own conduct purportedly created the confusion that resulted in the submission of competing claims. (Br. in Partial Opp. to Pl.'s Mot. to Deposit Funds into Court (hereafter, "Def.'s Br.") [Doc. No. 21] 2.) Specifically, Ms. Latko asserts that Sherry Kissinger only submitted a Life Claim Statement and Affidavit of Heirship because she was informed by an agent for Plaintiff that she was the sole beneficiary of the insured's policy. (Id.)[4] Ms. Latko argues that "but for the misinformation provided to the parties by the Plaintiff, there would have been only one claim for benefits and that would have been Diane M. Latko's claim." (Id.)

Additionally, Ms. Latko asserts that even though Ms. Kissinger submitted a claim for the Death Benefit, Plaintiff should not have filed an interpleader action, but rather should

---

[4] Ms. Latko attached to her brief a letter from Ms. Kissinger, in which Ms. Kissinger states that she submitted a claim to the Death Benefit because "Bruna" from Stonebridge Insurance Company advised Ms. Kissinger that she is the beneficiary under the policy. Plaintiff argues that the Court should not consider the letter from Ms. Kissinger because the letter was not attached to an affidavit or otherwise authenticated. The Court agrees that the letter from Ms. Kissinger was not submitted in evidentiary form and, therefore, will not be considered in deciding the present motion.

have simply denied Ms. Kissinger's meritless claim because she was not a designated beneficiary under the policy. (Id. at 4.) Further, Ms. Latko contends that although she and the insured had divorced, which "may have" nullified her standing as the sole death beneficiary under N.J. Stat. Ann. § 3B:3-14, Plaintiff would not have been liable for making payment to Ms. Latko because the statute absolves a payor of liability when it does not have "written notice of a claimed revocation." (Id.) (quoting N.J.S.A. § 3B:3-14(d)). Finally, Ms. Latko notes that she is the representative of the insured's estate and, as such, is entitled to the proceeds of the policy for disbursement pursuant to the terms of the insured's Last Will and Testament. (Id.) Ms. Latko summarizes that she is entitled to receipt of the funds, either as the beneficiary under the policy or as the executor of the insured's estate, and there simply was no need for Plaintiff to institute this action and thereby incur fees and costs. (Id. at 5.)

In reply, Plaintiff contends that there is sufficient ambiguity as to the proper claimant to the Death Benefit to warrant this interpleader action. Plaintiff notes that Ms. Kissinger never withdrew her claim to the proceeds. (Pl.'s Reply to Diane M. Latko's Partial Opp. to Pl.'s Mot. to Deposit Funds into Court [Doc. No. 23] 2.) Moreover, Plaintiff contends that it filed this interpleader action not only because of the

competing claims of Ms. Latko and Ms. Kissinger, but also
because Ms. Latko first sought the policy benefits on her own
behalf, and then sought the benefits as the executrix of the
estate, but never withdrew her claim in her own name.  (<u>Id.</u> at
3-4.)  Plaintiff also argues that Ms. Latko's status as
executrix of the insured's estate is in question given that she
was divorced from the insured.  (<u>Id.</u>)

**III. <u>ANALYSIS</u>**

There are two sources of interpleader relief in federal
court: statutory interpleader under 28 U.S.C. § 1335, and rule
interpleader under Federal Rule of Civil Procedure 22.
Plaintiff brings this interpleader action under the interpleader
statute.  "[I]t has long been recognized that the interpleader
statute is remedial, aimed at assisting a party who fears the
vexation of defending multiple claims to a fund or property
under his control by providing him the opportunity to satisfy
his obligation in a single proceeding."  <u>NYLife Distrib., Inc.
v. Adherence Group, Inc.</u>, 72 F.3d 371, 381 (3d Cir. 1995)
(citing <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523,
533, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967)), <u>cert. denied</u>, 517
U.S. 1209, 116 S. Ct. 1826, 134 L. Ed. 2d 931 (1996).
"[I]nterpleader allows a stakeholder who 'admits it is liable to
one of the claimants, but fears the prospect of multiple

7

liability[,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings.'" Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009) (quoting Metro Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007)).  As a result of an interpleader action, "'[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged from any further liability with respect to the subject of the dispute."  Id. (quoting Metro Life, 501 F.3d at 275).

An interpleader action usually proceeds in two stages.  Id. First, the Court must determine whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants.  Id. Second, the Court must determine the rights of the claimants to the funds.  Id.  With respect to the first stage, "[t]he key prerequisite . . . is that there be two or more claimants to the fund who are 'adverse' to each other."  New Jersey Sports Prod., Inc. v. Don King Prod., Inc., 15 F. Supp. 2d 534, 539 (D.N.J. 1998) (citing 7 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1705 at 507-09 (1986 & 1996 supp.)).  "This requirement is not met where (a) one of the claims clearly is devoid of substance; (b) one of the claimants is under the control of the stakeholder or has dropped his claim, such that the fear of multiple liability is baseless; or

(c) the claims are not asserted against the same fund, or the stakeholder may be liable to both claimants." Allstate Settlement Corp. v. United States, Civ. A. No. 07-5123, 2008 WL 2221897, at *3 (E.D. Pa. May 28, 2008) (citing New Jersey Sports, 15 F. Supp. 2d at 539).

The Court must at this time decide whether an interpleader action is appropriate, thus warranting Plaintiff's dismissal from the case. Plaintiff claims no interest in the disputed funds and has deposited such funds in the Court Registry. Further, there is a dispute as to the proper beneficiary of the life insurance proceeds of the insured -- Ms. Kissinger submitted a claim as the insured's daughter, Ms. Latko submitted a claim in her personal capacity, and Ms. Latko has also sought payment as the executrix and purported creditor of the insured's estate. Although Ms. Latko's position is that there is no dispute as to the funds because she should have received the proceeds either individually or as the executrix of the estate, she concedes that such claims are "part of the ultimate decision this Court will have to make as to the payment of the proceeds." (Def.'s Br. at 5.)

Indeed, Ms. Latko has taken inconsistent positions concerning her rights individually to the insurance proceeds. For example, in her Answer to the Complaint, Ms. Latko admitted that she submitted a Life Claim Statement and Affidavit of

9

Heirship which did not indicate that she was filing as the legal representative of the estate.  (Answer ¶ 24.)  Ms. Latko argues that she did not need to identify herself as the representative of the estate because she was the named beneficiary under the insurance policy.  (Id.)  In her opposition brief, Ms. Latko states that her divorce "may have nullified" her standing as the sole beneficiary, but she does not expressly agree that her divorce nullified her rights to the insurance proceeds.  (Def.'s Br. at 4.)  Similarly, Ms. Latko states that "[i]f it is Plaintiff's position that Ms. Latko is not due the proceeds as she is a divorced individual, discriminating against her based on her marital status . . . the only legal beneficiary is the Estate of Randall Latko, over which Ms. Latko is the representative."  (Id. at 4-5.)  Clearly, Ms. Latko has not agreed that she is no longer entitled to the proceeds because of her divorce, and she has not abandoned her claim to the funds on her own behalf.

Notwithstanding the foregoing, Ms. Latko also takes the position that she would only be entitled to the funds as the executrix of the estate.  She states in this regard that she "is the Court Ordered representative of the decedent's probate estate and is entitled to the proceeds of the policy as if no beneficiary at all had been designated by the decedent under the policy."  (Def.'s Br. at 4.)  Moreover, Ms. Latko contends that

10

"there is no dispute that Diane Latko, as representative of the Estate of Randall M. Latko, is the lawful beneficiary of this policy." (Id. at 5.)

Given Ms. Latko's inconsistent positions, there remains a dispute as to whether she is entitled to the insurance proceeds as the beneficiary under the policy, notwithstanding her subsequent divorce from the insured, whether the estate is the proper contingent beneficiary under the policy, or whether Ms. Latko as a creditor of the estate is entitled to the Death Benefit. The Court thus finds that this interpleader action was appropriate and, indeed, Ms. Latko does not object to Plaintiff's request for interpleader relief. Accordingly, the Court will permit interpleader and discharge Plaintiff from further participation in this matter and from all liability in connection with the Death Benefit at issue.

As a corollary to its discharge from this action, Plaintiff seeks an award of attorneys' fees and costs in an unspecified sum. As previously discussed, Ms. Latko contends that the interpleader action was prompted only by Plaintiff's own conduct, and any attorneys' fees resulting therefrom are purportedly unwarranted. The Court disagrees.

"The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Fed. R. Civ. P. 22, is that it is within the discretion of

the court to award the stakeholder costs, including reasonable attorneys fees, out of the deposited fund." <u>Prudential Ins. Co. of Am. v. Richmond</u>, Civ. A. No. 06-525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007)(citing 3a Moore's Federal Practice ¶ 22.16(2), p. 22-169), <u>aff'd</u>, 336 F. App'x 232 (3d Cir. 2009). "A court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." <u>Metropolitan Life Ins. Co. v. Kubicheck</u>, 83 F. App'x 425, 431 (3d Cir. 2003) (citation omitted).  "Because the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,' courts find that the stakeholder attorney's fees are justified." <u>Banner Life Ins. Co. v. Lukacin</u>, Civ. A. No. 13-cv-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014) (citing <u>Frontier Ins. Co. v. Mission Carrier, Inc.</u>, No. 91-5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992)).

The Court will allow Plaintiff to offset its reasonable legal fees and costs because it is a disinterested stakeholder. It has conceded liability, deposited the disputed funds with the Court, and sought a discharge from liability.  It therefore meets the four factors discussed above for an award of attorney's fees and costs.  However, as Plaintiff does not

12

specify the amount of fees it seeks, the Court will require Plaintiff to file a separate application for the amount of fees to be awarded.[5]

Ms. Latko's argument in opposition to the request for attorney's fees is that Plaintiff's own conduct caused the filing of multiple claims.  The Court recognizes that an award of attorney's fees and costs may not be appropriate where the stakeholder acts in a manner that creates disputed claims.  See, e.g., Reliastar Life Ins. Co. v. Moore, No. 1:CV-08-1942, 2010 WL 773457, at *6 (M.D. Pa. Mar. 1, 2010) (denying request for attorney's fees where interpleader plaintiff contacted counsel for another potential claimant, thereby creating confusion about payment of policy proceeds); Prudential Ins. Co., 2007 WL 1959252, at *5 (where interpleader plaintiff was responsible in part for confusion concerning determination of who was proper claimant, court denied fees to plaintiff, noting that "[i]t was only after [the insurer] created the commotion that it filed this suit in order to absolve itself of liability."). Here, however, the Court has not considered the letter of Ms.

---

[5] In making its application for fees, Plaintiff should note that "the work required to bring an interpleader suit is minimal; and thus, 'the fee award should not seriously deplete the fund.'" United States Life Ins. Co. in the City of New Yrok v. Holtzman, Civ. A. No. 14-00113, 2014 WL 5149707, at *7 (D.N.J. Oct. 14, 2014) (quoting Banner, 2014 WL 4724902, at *4).  The Court will not award fees for work that was excessive, unnecessary or redundant.  Id.

13

Kissinger in which she states that she was directed by Plaintiff's agent to submit a claim, and the record is therefore devoid of evidence that Plaintiff's conduct created the dispute over the insurance proceeds. Moreover, even if Ms. Kissinger had not submitted a claim, the Court must nonetheless resolve whether Ms. Latko is entitled to the insurance proceeds as the designated beneficiary, whether the estate is the proper beneficiary given Ms. Latko's subsequent divorce from the insured, or whether Ms. Latko is entitled to the proceeds as a creditor of the estate. The Court therefore rejects Ms. Latko's argument that Plaintiff's conduct necessitated this interpleader action, and likewise rejects any argument that Plaintiff is not entitled to an award of fees because of its conduct.

## IV.  CONCLUSION

In sum, the Court concludes that Plaintiff has met the requirements of the interpleader statute and may be relieved from liability at this time. Accordingly, the Court grants Plaintiff's motion [Doc. No. 20] to the extent Plaintiff seeks an Order requiring Defendants to interplead their rights to the funds deposited by Plaintiff in the Court's Registry, restraining Defendants from instituting any action against Plaintiff to recover such sum, discharging Plaintiff from all liability to Defendants, and granting Plaintiff an award of

attorney's fees and costs.  Plaintiff must file, within ten days, a separate application with the Court for the amount of fees to be awarded in accordance with this Opinion.

An Order consistent with this Opinion will be entered.


                                    s/ Noel L. Hillman
                                  NOEL L. HILLMAN, U.S.D.J.
Dated: February 19, 2015

At Camden, New Jersey

15